**GUO HE YANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2039–ag.**

United States Court of Appeals, Second Circuit.

June 21, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Liu Yu, New York, New York, for Petitioner.

Hays Jenkins, Jr., Assistant United States Attorney, for Chuck Rosenberg, United States Attorney for the Southern District of Texas, Houston, Texas, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JAMES L. OAKES, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Guo He Yang, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Yang's request for relief is essentially derivative, based on a claim that his wife was required to submit to a forcible abortion. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). The BIA adopted and affirmed the IJ's decision to the extent that he found Yang not to have offered credible evidence to support his applications. Thus, only the IJ's credibility determination is reviewed. *See id.* at 522. This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

The IJ's determination that inconsistencies between Yang's testimony and his written asylum application and between his testimony and submitted documentary evidence were detrimental to his credibility is substantially supported by the record as a whole. The IJ identified a number of inconsistencies in the evidence relating to (1) the date of Yang's marriage, (2) the site where family planning officials found him and his wife when she was taken for an abortion, (3) the circumstances of an ensuing altercation with these officials, and (4) actions taken against his parents by planning officials. Given Yang's failure adequately to explain these inconsistencies, which is apparent even on a cold record, we cannot conclude that the IJ was compelled to conclude that the persecution claim was credible. *See* 8

U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). To the extent that the IJ concluded that Yang's account of his escape from planning officials was implausible, the conclusion cannot be deemed speculative in light of inconsistencies about the events leading up to this escape. Even if we were to conclude that the IJ's characterization of Yang's U.S. work history as implausible lacked sufficient record support, because this point is tangential to his persecution claim and because there are other, error-free bases for the IJ's adverse credibility determination, no remand is warranted. We can "confidently predict" that the IJ would have reached the same conclusion even absent any impermissible speculation about U.S. work history. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006).

█ Because the IJ's denial of asylum was proper and was based on Yang's inability to establish an objective likelihood of persecution, it necessarily follows that the denial of withholding of removal, which carries a higher burden of proof, was also proper. Because Yang did not address the IJ's denial of CAT relief in his brief, he has waived any challenge to that finding. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).